IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DISABILITY LAW CLAIMS, P.A. d/b/a LAVAN & NEIDENBERG, P.A., et al., § § § Plaintiffs, § § V. § IM SOLUTIONS, LLC, § § Defendant. § | § § § § § § § § § § § | No. 3:15-mc-130-D-BN |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Disability Law Claims, P.A. d/b/a Lavan & Neidenberg, P.A. and Case Ghost, Inc. ("Plaintiffs") have filed a Motion to Compel, Request for Attorneys' Fees and Sanctions against Non-Parties John Emerick and David Cooke (collectively, the "Deponents") as to depositions taken pursuant to subpoenas issued by the United States District Court for the Southern District of Florida, in connection with a case pending in that court. *See* Dkt. No. 1. United States District Judge Sidney A. Fitzwater has referred this motion and all motions related to the resolution of the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 3.

**Background**

Plaintiffs assert in this motion that, "[d]uring the depositions of Messrs. Cooke and Emerick, counsel for the witnesses instructed the witnesses not to answer questions based on relevance, confidentiality, and 'form'" and that "[t]hose instructions were improper and have resulted in a delay in Plaintiffs' obtaining relevant discovery

-1-

regarding their claims" in the underlying litigation. Dkt. No. 1 at 2. Plaintiffs requests that this Court compel the Deponents to appear for a second deposition and to fully answer the questions on which Plaintiffs move and all appropriate follow-up questions; award Plaintiffs their reasonable attorneys' fees and expenses; and issue appropriate sanctions to ensure Deponents and their counsel fully comply with their obligations pursuant. *See id.* at 20.

In a November 30, 2015 electronic order, the Court ordered Plaintiffs to "file a supplement to their motion to address whether this Court is, under Federal Rules of Civil Procedure 37(a)(2) and 30(d), the appropriate court to decide their motion as to the deposition of John Emerick, where that deposition was taken in Plano, Texas, which is in the Eastern District of [Texas]." Dkt. No. 4. Plaintiffs have done so, and their supplemental filing reports that counsel for Mr. Emerick agrees with Plaintiffs that this Court is the appropriate court to determine a motion to compel. *See* Dkt. No. 5 at 1-2.

## Legal Standards and Analysis

While the Court appreciates Plaintiffs' and Mr. Emerick's interests in having a single court decide issues regarding the Deponents' refusal to answer certain questions on a single motion, the Court cannot agree that, as to Mr. Emerick, this Court is the appropriate court to resolve a motion to compel.

Plaintiffs caused a Subpoena to Testify at a Deposition in a Civil Action to issue to Mr. Emerick from the United States District Court for the Southern District of Florida, commanding Mr. Emerick to appear at a location in Plano, Texas to testify at

a deposition. *See* Dkt. No. 6-1. Plaintiffs later served re-notice of taking Mr. Emerick's deposition, again at the same location in Plano, Texas. *See* Dkt. No. 2-5. Mr. Emerick's deposition was then taken at that location in Plano, Texas. *See* Dkt. No. 2-7. That location lies within the Eastern District of Texas.

Federal Rule of Civil Procedure 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending" – here, the United States District Court for the Southern District of Florida. FED. R. CIV. P. 45(a)(2). And so the subpoenas here did. *See* Dkt. No. 6-1. Rule 45(c)(1) authorizes a subpoena commanding a person to attend a deposition. *See* FED. R. CIV. P. 45(c)(1). Once the person has appeared for the deposition as commanded, Federal Rule of Civil Procedure 37(a)(3)(B)(I) governs a motion to compel a deponent to answer a question, and Rule 37(a)(2) provides that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2).

In response to the Court's electronic order, Plaintiffs assert that, "[a]lthough the deposition of John Emerick was taken in the Eastern District of Texas, the Court should decide all issues presented in the Motion, including in regard to the deposition of Emerick because: (1) Mr. Emerick and his counsel have consented to the Court deciding the issues presented in the Motion for the efficiency of the courts, Mr. Emerick, the parties, and counsel; (2) if the Motion is granted, Mr. Emerick and his counsel have agreed that the second deposition of Mr. Emerick will occur at the offices of Plaintiffs' counsel, which are located at 2000 Ross Avenue, Suite 2000, Dallas, Texas 75201 – the Northern District of Texas. In other words, Mr. Emerick and his counsel

consent to the Court's jurisdiction and the Northern District is where the discovery that is sought to be compelled will be held." Dkt. No. 5 at 1-2 (footnote omitted; citing FED. R. CIV. P. 37(a)(2)).

The Court cannot accept this argument because it lacks authority over Mr. Emerick to require him to sit for a deposition in this district. As a non-party, Plaintiffs only secured an order for Mr. Emerick to sit for a deposition by issuing a subpoena from the Southern District of Florida requiring that Mr. Emerick appear at a location in Plano, Texas to testify at a deposition – which, in compliance with the subpoena and the re-notice, he did. Plaintiffs raise Mr. Emerick's refusal to answer questions at that deposition and his counsel's alleged coaching during the deposition as grounds to, under Rule 37(a), compel Mr. Emerick to sit for a second deposition.

The only possible authority for requiring Mr. Emerick, as a non-party, to sit for any deposition on this record is the subpoena and notice commanding him to appear in Plano, Texas for a deposition. Mr. Emerick may voluntarily appear for a second or continued deposition anywhere he chooses, including in Dallas, Texas. But, without a subpoena or deposition notice properly requiring his attendance at a deposition at a location in this district, this Court has no authority to order him to appear for such a deposition – just as it would have had no authority to hear a motion to compel an answer during the deposition under Rules 37(a)(3)(B)(i) and 37(a)(4) if Plaintiffs' counsel had adjourned the deposition to make an emergency motion. *See Gen. Nutrition Corp. v. Gardere Wynne Sewell, LLP*, No. 2:08-cv-831, 2010 WL 457532 at *2 (W.D. Pa. Feb. 2, 2010); *see also* FED. R. CIV. P. 30(a)(2)(A)(ii) ("A party must obtain leave of court,

and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: ... (ii) the deponent has already been deposed in the case...."). Rather, under Rule 37(a)(2), the appropriate court to compel a witness to answer questions at a deposition is the court for the district in which the deposition is or was taken or, if the deposition has not yet taken place, will be taken as commanded by a subpoena or deposition notice. *See In re New Bern Riverfront Dev., LLC*, Case No. 09-10340-8-SWH & AP No. 10-00023-8-SWH, 2014 WL 348217, at *2 (Bankr. E.D.N.C. Jan. 31, 2014); *Rose v. Enriquez*, Nos. SA-13-MC-396-FSR & CV-11-7838-DDP, 2013 WL 2458723, at *2 (W.D. Tex. June 6, 2013); *Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11-cv-00249-BLW, 2012 WL 4523112, at *2 (D. Idaho Oct. 2, 2012); *Buyer's Direct Inc. v. Belk, Inc.*, No. 5:10-cv-65-H, 2011 WL 6749828, at *2-*3 (E.D.N.C. Dec. 23, 2011). Here, that is the United States District Court for the Eastern District of Texas.

Under the circumstances, the Court concludes that Plaintiffs' and Mr. Emerick's consent to this Court's hearing Plaintiffs' motion to compel does not itself authorize this Court – which is neither the court where the underlying action is pending nor the court where the deposition was taken or, pursuant to any properly issued subpoena or notice, will be taken – to rule on Mr. Emerick's failure to answer questions at a deposition that occurred in the Eastern District of Texas and order Mr. Emerick to a second deposition at a location in this district. On the other hand, the United States District Court for the Eastern District of Texas would be authorized to issue an order

compelling Mr. Emerick to answer questions put to him at the deposition in Plano, Texas, at which he appeared as commanded by the subpoena and notice.

## Conclusion

Under all the circumstances presented here, the Court concludes that it must DENY Plaintiffs' Motion to Compel, Request for Attorneys' Fees and Sanctions [Dkt. Nos. 1 & 5] as against Non-Party John Emerick without prejudice to Plaintiffs' refiling a motion as to Mr. Emerick in the United States District Court for the Eastern District of Texas. Plaintiffs' Motion to Compel, Request for Attorneys' Fees and Sanctions [Dkt. No. 1] remains pending as to the relief sought against Non-Party David Cooke, and briefing on the remaining part of the motion is subject to the deadlines currently in place as set by this Court's orders.

SO ORDERED.

DATED: December 4, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE